J-S23029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERONE ANDRE MOORE | : | |
| | : | |
| Appellant | : | No. 1651 MDA 2021 |

Appeal from the PCRA Order Entered November 22, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003215-2015

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MARCH 10, 2023**

Jerone Andre Moore appeals the order denying his Post Conviction Relief

Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. This case returns to

us following our denial of counsel's initial petition to withdraw. We directed

counsel to file either a compliant ***Turner/Finley*** brief and petition to

withdraw, or an advocate's brief.[1] Counsel has filed a petition to withdraw as

counsel, along with a ***Turner/Finley*** brief. We affirm the order dismissing

Moore's PCRA petition and grant counsel's petition to withdraw.

A jury convicted Moore of attempted murder and kidnapping.[2] Relevant

to this appeal, at trial, counsel objected to the Commonwealth's questioning

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] 18 Pa.C.S.A. §§ 901 and 2901(a)(3), respectively.

of the officer who confiscated Moore's phone. N.T., Trial, 2/21/17, at 484. Defense counsel objected that a text message to Moore's girlfriend was not admissible as an admission of a party opponent. The message was sent from Moore's phone one day after the kidnapping. The message read, "A lot of shit went down bae n its bad I need to leave [sic]." *Id.* at 488. Defense counsel objected that Moore could have been "talking about something else." *Id.* at 485. The court overruled the objection. *Id.* Counsel made a second objection, immediately before the Commonwealth admitted the contents of the text message. *Id.* at 487. Counsel argued that the Commonwealth had not proved that the outgoing message was from Moore. *Id.* The court overruled the objection and the Commonwealth admitted the message into evidence.

After conviction and sentencing, Jackson appealed to this Court, challenging, among other issues, the authentication of the text message. *See Commonwealth v. Moore*, No. 820 MDA 2017, 2018 WL 3800774, at *2 (Pa.Super. filed August 10, 2018) (unpublished memorandum). We rejected this claim as waived due to Moore's failure to include it in his Pa.R.A.P. 1925(b) statement. *See id.* We affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal. *See id.*; *Commonwealth v. Moore*, 203 A.3d 983 (Table) (Pa. filed March 11, 2019).

Moore then filed the instant, timely PCRA petition. The court appointed counsel, who filed an amended PCRA petition. The amended petition contended that prior counsel was ineffective for failing to preserve the

challenge to the authentication of the text message. The PCRA court, which also presided over Moore's trial, held an evidentiary hearing on April 12, 2021.

At the hearing, Moore testified that he did not have a conversation with counsel regarding the admission of the text message but that he understood that counsel would raise the issue on appeal. N.T., PCRA Hearing, 4/12/21, at 8. Moore's trial counsel, David Lampman, Esquire, testified that he believed he raised the issue of the text on appeal. *Id.* at 11. He testified that he "made an objection during trial to the admission of that text message. I put it in my complaint statement on the first page, and I fully briefed the issue in the appeal." *Id.* at 13. The court denied the petition and this timely appeal followed.

We first address whether counsel has satisfied the procedural requirements of a petition to withdraw. A *Turner/Finley* brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) explain why the petitioner's issues were meritless. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (citation omitted). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has substantially complied with these requirements,[3] we conduct

---

[3] *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa.Super. 2003) (holding that substantial compliance with *Turner/Finley* criteria is sufficient).

- 3 -

our own independent review to determine if the issues raised are in fact meritless. If they are, we grant counsel's petition to withdraw. *Id.*

Here, counsel has substantially complied with the requirements of **Turner/Finley**. Counsel's brief details the nature and extent of his review, lists the issue that Moore wishes to have reviewed, and explains counsel's conclusion that Moore's issue is meritless. Counsel attached a letter addressed to Moore, which indicates that he provided Moore with a copy of the **Turner/Finley** brief and motion to withdraw. The letter also informs Moore of his right to proceed *pro se* or with new counsel. We now address the merits of Moore's issue.

Counsel's brief identifies one issue: "Whether the trial counsel was ineffective in failing to raise the issue of whether the trial court abused its discretion in allowing evidence of a text message from [Moore's] phone into the record." **Turner/Finley** Br. at 1.

When reviewing the denial of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Counsel is presumed effective, and the petitioner has the burden of proving otherwise. Thus, the petitioner must plead and prove: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice because of counsel's error such that there is a reasonable probability that the

result of the proceeding would have been different absent such error. **See Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009).

To authenticate an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Pa.R.E. 901(a). "[A]uthentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required." **Commonwealth v. Koch**, 39 A.3d 996, 1005 (Pa.Super. 2011).

Here, Moore maintains that trial counsel, who was also appellate counsel, was ineffective for failing to include on appeal a challenge to the authentication of the text message. This claim of ineffectiveness fails because the underlying authentication issue lacks arguable merit.

The PCRA court concluded that the Commonwealth provided circumstantial evidence supporting the authentication and admittance of the text message:

> In the instant case, the text message was properly authenticated and admitted into evidence after the Commonwealth proffered a quantum and quality of evidence sufficient to meet the "relatively low burden of proof" to establish that the text message was what it purported to be, namely, a reference by [Moore] to the previous day's attack on the victim. Specifically, the Commonwealth's evidence established that the phone from which the text message was

sent belonged to [Moore], and was in [Moore's] possession before being turned over by him to the police. Additionally, there was no allegation or evidence presented that someone else had access to the phone. Further, the message, sent the day after the attack on the victim, references "[a] lot of shit [that] went down," indicates the sender's belief that "its bad," and expresses the senders "need to leave." Taken together, this evidence was sufficient to support the Court's conclusion that the text message had been properly authenticated.

PCRA Court Opinion, filed 2/16/22, at 6-7.

We discern no error. The Commonwealth presented sufficient circumstantial evidence to support a finding that Moore sent the text message to his girlfriend. As a result, the ineffectiveness claim predicated on the failure to preserve on appeal a challenge to authentication is meritless. We therefore affirm the order denying PCRA relief and grant the application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023